CHICAGO—FIRST DISTRICT—APRIL, 1918.    191

Hotel Sherman Co. v. Railway T. & W. Co., 210 Ill. App. 191.

## Hotel Sherman Company, Appellant, v. Railway Terminal & Warehouse Company, Appellee.

### Gen. No. 23,418.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed April 3, 1918.

### Statement of the Case.

Action on the case by the Hotel Sherman Company, plaintiff, against the Railway Terminal & Warehouse Company, defendant, to recover damages on the ground that defendant had been negligent in the storage of potatoes owned by plaintiff. From a judgment finding defendant not guilty, plaintiff appeals.

FELSENTHAL & WILSON, for appellant; MAURICE L. HEIMS, of counsel.

TENNEY, HARDING & SHERMAN, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1535*—*when instruction on preponderance of evidence not reversibly erroneous.* In an action against a warehouse company to recover damages for negligence in the storage of potatoes, an instruction that plaintiff was required to prove by a preponderance of the evidence the issues essential to the maintenance of its action, and, if it had not done so, the verdict should be for defendant, was not reversibly erroneous because not pointing out the essential allegations, and because in other instructions given on behalf of the defendant the issues were in-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

192    APPELLATE COURTS OF ILLINOIS.

Hotel Sherman Co. v. Railway T. & W. Co., 210 Ill. App. 191.

correctly stated, where counsel failed to point out where other instructions given by defendant incorrectly stated the issues.

2. APPEAL AND ERROR, § 1241*—*when plaintiff cannot complain of erroneous instruction on preponderance of evidence.* A plaintiff cannot complain of an instruction submitted by the defendant that plaintiff was required to establish by a preponderance of evidence the negligence of defendant as imposing a greater burden than the law requires, where the jury are told by an instruction submitted by plaintiff that it was required to establish its case by a preponderance of the evidence.

3. WAREHOUSEMEN, § 29*—*when instruction on care required of as to goods not reversibly erroneous.* In an action against a warehouse company for damages for negligence in the storage of potatoes, an instruction submitted by defendant that defendant was required to exercise that degree of care which ordinarily prudent warehousemen were accustomed to exercise in regard to similar goods, in like circumstances, was not reversibly erroneous because the statute required such warehousemen to exercise the same degree of care as the owner of similar goods would exercise under like circumstances, where three instructions submitted by plaintiff correctly informed the jury as to the law on the same question.

4. WAREHOUSEMEN, § 29*—*when instruction in action for negligence of warehouseman not reversibly erroneous because invading province of jury.* In an action against a warehouse company to recover for negligence in the storage of potatoes, resulting in their spoiling, an instruction that if the loss to the potatoes was solely caused by the disease called dry-rot, plaintiff could not recover, and if the jury found from the evidence that the damage was caused both by the disease and by the negligence of the defendant, then plaintiff could not recover unless it proved the amount of damages caused by the negligence, was not reversibly erroneous as invading the province of the jury on the question whether defendant's negligence caused the decay of the potatoes by reason of dry-rot, where in other instructions the jury were told that defendant would be liable for any damages caused by its negligence, and the evidence showed that the disease of dry-rot was a field disease.

5. INSTRUCTIONS, § 107*—*right to submit based solely on party's theory of case.* A party is entitled to submit instructions covering solely its theory of the case.

6. WAREHOUSEMEN, § 29*—*when instruction not stating time when notice given warehouseman of condition of stored potatoes is immaterial.* The failure, in an action against a warehouseman for negligence in storing potatoes, to state any time when notice

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Hotel Sherman Co. v. Railway T. & W. Co., 210 Ill. App. 191.

was given to defendant of the conditions complained of in an instruction that if plaintiff knew of the storage conditions and that the continuation of such conditions would injure the potatoes then no recovery could be had, was immaterial where there was no dispute in the evidence as to when defendant acquired such notice.

7. WAREHOUSEMEN, § 29*—*when instruction in action against warehouseman for negligence not reversibly erroneous.* In an action against a warehouseman for negligence in caring for stored potatoes, an instruction that if plaintiff knew of the storage conditions and that the continuation thereof would injure the potatoes then no recovery could be had, was not reversibly erroneous because taking from consideration of the jury the question whether defendant promised to remedy the conditions complained of where the jury found by its special verdict that plaintiff was not negligent.

8. BAILMENT, § 27*—*when bailee presumed to be negligent.* As a general rule, where goods are delivered in good condition and afterwards returned in a damaged condition, the presumption is that the bailee is guilty of negligence.

9. BAILMENT, § 27*—*when bailee not presumed to be negligent.* Where goods bailed will deteriorate or perish from inherent defects, or natural causes, and they are delivered in good condition, but are returned in a damaged condition, there is no presumption that the bailee is guilty of negligence.

10. WAREHOUSEMEN—*when instruction on no presumption of negligence from loss not erroneous.* In an action against a warehouseman to recover damages for negligence in caring for stored potatoes, an instruction that negligence will not be presumed from loss while the goods are in the hands of the bailee was not erroneous.

11. APPEAL AND ERROR, § 1535*—*when instruction on preponderance of evidence not reversibly erroneous.* In an action against a warehouseman for damages for negligence in caring for stored potatoes, an instruction requiring plaintiff to prove the damages caused by defendant's negligence by a fair preponderance of evidence was not reversibly erroneous where the jury were correctly instructed in other instructions that plaintiff was required to prove its case only by a preponderance of the evidence.

12. WAREHOUSEMEN, § 29*—*when instruction on contributory negligence of person storing potatoes with warehouseman after notice of condition not reversibly erroneous.* In an action against a warehouseman for damages for negligence in caring for stored potatoes, an instruction that if the jury found from the evidence that plaintiff, after it learned that the potatoes were decaying,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

took no steps to protect itself from further loss, the defendant would not be liable for any damages accruing after such notice, was not reversibly erroneous, because assuming that it was possible for plaintiff to protect itself from further loss by taking some step after notice, although the potatoes might have been spoiled at the time, and that further loss could not have been prevented, no matter how diligent plaintiff was, where the jury rendered a special finding that plaintiff could not have avoided the loss by the exercise of ordinary care.

13. WAREHOUSEMEN—*when instruction on liability of for injury to stored potatoes not erroneous.* In an action against a warehouseman for negligence in caring for stored potatoes, an instruction that the defendant was not liable for damages caused by dry-rot "or any other cause," unless such damages could be avoided by the exercise of ordinary care and diligence by the defendant, was not erroneous in that the use of the words "or, any other cause" would include defendant's negligence, and plaintiff was entitled to recover for any damages caused by defendant's negligence, since the jury were expressly told that defendant was not liable for any damages to the potatoes unless such damages were caused by the negligence of defendant.

14. WAREHOUSEMEN, § 27*—*when copy of letter and memorandum relating to storage by third person properly admitted in action by purchaser for negligence in storage.* In an action against a warehouseman to recover damages for negligence in the storage of potatoes bought by plaintiff from another person who had stored them originally with defendant, it was not error to admit a copy of a letter and memorandum written by defendant to such third person in reference to potatoes stored by such third person in defendant's storehouse on the ground that the documents were not written to plaintiff and that plaintiff was in no way connected with them and because the potatoes were not referred to in the documents, where the letter purported to confirm a conversation between the representatives of defendant and such third person relating to the storage of potatoes, and it was shown to be a correct copy, and the memorandum referred to at least one of the cars of potatoes, and the objection was to exclude the entire document, and plaintiff, in its case in chief, had offered evidence of the quality of shipments of potatoes shipped from the same source, including the potatoes damaged.

15. WAREHOUSEMEN, § 27*—*when admission of evidence of stock cards proper.* In an action against a warehouseman to recover for negligence in the storage of potatoes, which were originally stored by a third person and sold, while in storage, to plaintiff, the ad-

mission in evidence of stock cards, on which memoranda were written showing that a great many of the cars received at the warehouse, billed to such third person from a certain place, were in bad condition when received, was proper, where witnesses had testified on behalf of plaintiff that all the potatoes shipped by such third person from such place (which included plaintiff's potatoes) were in first-class condition.

