FOURTH DISTRICT—FEBRUARY, 1926.      307

Howland v. Newton Ice & Cold Storage Co., 240 Ill. App. 307.

## T. B. Howland, Appellant, v. Newton Ice & Cold Storage Company, Appellee.

1. WAREHOUSES AND STORAGE—*sufficiency of evidence to sustain verdict as to cause of damage to stored goods.* Where in an action for loss alleged due to deterioration of a quantity of evaporated apples while in storage in defendant's warehouse, the evidence was conflicting as to the condition of the apples when placed in storage as well as to the possibility that they were damaged, as alleged, by dripping water while in storage, a verdict for defendant was held not manifestly against the weight of the evidence.

2. WAREHOUSES AND STORAGE—*admissibility of testimony of parties to storage contract evidenced by warehouse receipts.* Where warehouse receipts issued when plaintiff stored a quantity of evaporated apples in defendant's warehouse stated the terms of the storage agreement, it was not error to exclude testimony by plaintiff as to his understanding with defendant's manager as to such terms, in an action to recover damages for injury to the fruit while so stored.

3. HARMLESS AND PREJUDICIAL ERROR—*refusal to strike incompetent testimony as to fact shown by competent evidence.* Where a warehouse receipt, issued when plaintiff stored a quantity of evaporated apples in defendant's warehouse, stated an agreement for storage "until October 1," and the court, in an action for damage to the apples while in storage, after permitting defendant's manager to answer a question as to whether he had an understanding with plaintiff as to the time the goods were to remain in storage by saying: "Yes, sir, until October 1," the refusal of the court to strike out the last three words, although error, was not ground for reversal of the judgment for defendant.

4. HARMLESS AND PREJUDICIAL ERROR—*faults in appellee's instructions also appearing in instructions for appellant.* An appellant may not complain of an instruction given on behalf of appellee, even if it is not wholly a correct statement of the law, where the same fault appears in other instructions given at appellant's instance.

5. WAREHOUSES AND STORAGE—*propriety of instructions in action for damage to stored goods.* Instructions in an action for damage to goods while in storage in defendant's warehouse held to have fairly advised the jury of the law applicable to the case.

Appeal by plaintiff from the Circuit Court of Jasper county; the HON. WILLIAM B. WRIGHT, Judge, presiding. Heard in this

court at the October term, 1925. Affirmed. Opinion filed February 17, 1926.

KASSERMAN & KASSERMAN, for appellant.

ISLEY & YELVINGTON, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On April 21, 1923, appellant, T. B. Howland, placed in storage with the Newton Ice and Cold Storage Company, appellee, a quantity of dried apples for which appellee issued its warehouseman's receipt. These apples had been evaporated by appellant during the fall of 1922 and remained in storage with appellee until the last of March, 1924. Appellant contends that when he removed the apples in March, 1924, they were so wet and moldy and in such a damaged condition that about 7,000 pounds were destroyed and the remainder had to be redried by him, resulting in a loss of $2,200 to recover which this suit was brought. Upon a trial before a jury a verdict was returned in favor of appellee and this appeal was taken from the judgment entered upon that verdict.

In his case in chief appellant placed witnesses upon the stand whose testimony tended to show that the apples were in good condition when placed in storage; that while in storage water dripped upon them from frost melting from the pipes in appellee's plant, and also from one leaking pipe, and that the apples were in bad condition when removed from storage. Appellee in its behalf placed witnesses upon the stand whose testimony tended to show that the apples were not in good condition when placed in cold storage, and that it would have been impossible for water to drip upon them either from melting frost on the pipes or from a leaking pipe. We do not deem it necessary to discuss this evidence in detail. While there was to

some extent a conflict in the evidence, yet if the jury, in whose presence the witnesses testified, believed the evidence in behalf of appellee, it was sufficient to sustain a verdict, and we cannot say that the same is against the manifest weight of the evidence.

Appellant contends that the court refused to permit him to state the conversation had by him with appellee's manager at the time the apples were placed in storage, but did permit appellee's manager to testify thereto, and that such action was error. Since it appears that the warehouse receipts stated the contract between the parties it was not error to exclude appellant's testimony as to what the understanding was between him and appellee's manager. The question asked appellee's manager and the answer thereto, which are objected to, were as follows: "Did you have any understanding with Mr. Howland at that time as to how long you were to store these apples?" Over objection the witness was allowed to answer as follows: "Yes, sir, until October 1." A motion to strike the last portion of this answer was also overruled. He was then asked: "Was your answer 'yes' or 'no,'" and answered "yes." He was then asked what was the understanding he had with appellant regarding the storage of the apples, and an objection to this question was sustained. In our opinion it was not error to permit this witness to state that he did have an understanding with appellant, but that it would have been error to permit him to state what that understanding was. However, since the receipt issued contained the following "storage to October 1, 1923" we do not believe that it was reversible error for the court to refuse to strike from this witness' first answer above quoted the words, "until October 1."

Complaint is made of the fourth instruction given on behalf of appellee. The objection made to this instruction is that after advising the jury of the degree of care required of appellee it proceeds to state "and

before Howland can recover in this case it will be necessary that he shall have proved to you by a preponderance of evidence that the Newton Ice and Cold Storage Company did not use such a degree of care." It is claimed by appellant that all that was necessary for him to do was to show that his apples were in good condition when placed in storage and were redelivered to him in bad condition, and that after the establishing of this prima facie case the burden was upon appellee to prove that it did use the care required. This instruction is not to be commended, and is not a wholly correct statement of the law. However, appellant is in no condition to complain for the reason that an instruction was given in behalf of appellant which, after defining the degree of care required of appellee, advised the jury that if a preponderance of evidence showed that the apples were in good condition when placed in storage, and if they further believed from a preponderance of the evidence that defendant in the storing of said evaporated apples did not exercise that degree of care which a reasonably careful man would exercise in regard to similar goods of his own, and that by reason thereof the said evaporated apples became damaged and of less value to the plaintiff, then they should find for the plaintiff. This instruction in effect advises the jury that negligence of appellee must be established by a preponderance of evidence which is the complaint made by appellant of appellee's fourth instruction. (*Hotel Sherman Co. v. Railway Terminal & Warehouse Co.*, 210 Ill. App. 191.) Complaint is also made that appellee's sixth instruction in effect advises the jury that the degree of care required of appellee was "ordinary care and diligence" while the law requires appellee to exercise only such care as a reasonably careful owner of similar goods would exercise. There is but little distinction between the language found in this instruction and that contended for by appellant. However, this instruction was given not for the pur-

pose of defining the degree of care, but really for the purpose of advising the jury that appellee was not responsible for damages resulting from any inherent qualities of the apples. Upon a consideration of these instructions as a whole, we are of the opinion that the jury was fairly advised of the law applicable to the facts of the case. The verdict in our opinion was warranted by the evidence and as the record discloses no reversible error on the trial, the judgment will be affirmed.

*Affirmed.*